**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000870**
**31-MAR-2017**
**08:46 AM**

NO. CAAP-15-0000870

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
COLLEEN MICHELE HAMILTON, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 15-1-0147K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Colleen Michele Hamilton (Hamilton) through an amended complaint with second-degree reckless endangering of M.R. (Count 1); first-degree criminal property damage relating to M.R. and her car (Count 2); third-degree assault of A.L. (Count 3); and third-degree assault of O.R. (Count 4). The amended complaint was based on allegations that Hamilton deliberately rammed her car into the car driven by M.R., who was representing Hamilton's husband in divorce proceedings, causing bodily injury to O.R., a minor, who was a passenger in M.R.'s vehicle, and then assaulted A.L., while A.L. was attempting to serve Hamilton with a temporary restraining order (TRO) obtained by M.R. against Hamilton. Hamilton's theory of defense was that M.R. was chasing her, that M.R. caused the collision by abruptly turning in front of Hamilton without giving Hamilton time to stop, and that Hamilton acted in self-defense after A.L. assaulted her.

After a jury trial, Hamilton was found guilty of Count 1, acquitted of Count 2, found guilty of the lesser offense of third-degree assault as a mutual affray on Count 3, and found guilty of Count 4. The Circuit Court of the Third Circuit (Circuit Court)[1] sentenced Hamilton to concurrent terms of one year of imprisonment as to Counts 1 and 4 and thirty days of imprisonment as to Count 3, with credit for time served. The Circuit Court entered its Judgment on October 20, 2015.

On appeal, Hamilton, proceeding pro se,[2] asserts the following points of error:

> 1. "Evidence was not presented at trial for the Defendant[']s defense."
>
> 2. "Witnesses were not used at trial to defend the Defendant."
>
> 3. "Special Jury Instruction was requested by the Defendant and was not presented at trial."[3]
>
> 4. "False testimony and evidence was used against the Defendant by her appointed attorney Dean Kauka, the prosecutors' witnesses and evidence and the States' investigator Donald Rudny."[4]

---

[1] The Honorable Melvin H. Fujino presided.

[2] Hamilton was represented by appointed counsel Dean Kauka (Kauka) in the Circuit Court until the Circuit Court granted Hamilton's request to proceed pro se during the trial. The minutes entered by the Circuit Court clerks indicate that after the State had rested its case-in-chief at trial and during the testimony of the first witness called by the defense, the Circuit Court granted Hamilton's request to represent herself and appointed Kauka as stand-by counsel. After Hamilton filed her notice of appeal pro se, this court remanded the case to the Circuit Court to determine whether counsel should be appointed on appeal for Hamilton. On remand, the Circuit Court, after holding a hearing, found that Hamilton wanted to continue representing herself as a pro se litigant in this case, and it ruled that Hamilton knowingly, intelligently, and voluntarily waived her right to an attorney.

[3] It appears that Hamilton refers to the following special jury instructions with respect to this point of error: (1) "Jury may indict Melvin Fujino"; (2) "Jury is to make statement on who is responsible for the accident"; (3) "Jury may submit questions"; (4) "I am allowed to speak pro se"; and (5) "Unanimous verdict rule and jury may ask for further instructions."

[4] The record indicates that Donald Rudny was an accident reconstruction expert hired by the defense thorough funds authorized by the Circuit Court.

5. "Defendant had ineffective counsel."

6. "Defendant was not given a choice for change of venue through attorney Dean Kauka."

7. "Defendant was not allowed an impartial jury. Dean Kauka refused on October 13, 2015 to remove four jurors as requested by the Defendant. This request included the Foreperson. . . . Defendant seeks verification from Dean Kauka if her testimony to this fact does not suffice."

8. "Defendant was given impartial [sic], unfair treatment, by law enforcement."

9. "All preceding points of error were assisted through Judge Melvin Fujino who rejected his recusal, the motion to withdraw given by Dean Kauka and the motion to withdraw counsel and replace counsel given by the Defendant."

As explained below, we affirm the Circuit Court's Judgment.

I.

At the outset, we observe that our ability to rule on the merits of Hamilton's claims of error is severely hampered by her failure to provide transcripts of relevant court proceedings. As stated by the Hawai'i Supreme Court, "When an appellant desires to raise any point on appeal that requires the consideration of the oral proceedings before the court appealed from, the appellant bears the burden to show error by reference to matters in the record, and he or she has the responsibility of providing the relevant transcript." State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000).

> The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript. The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error.

Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks, citations, and brackets

omitted).[5] There is a "presumption that the trial court acted without error" that the appellant must overcome. Hoang, 93 Hawai'i at 336, 3 P.3d at 502.

Hamilton did not request or provide any transcripts of the Circuit Court proceedings in this case.[6] Without relevant transcripts, we cannot review many of the claims of error raised by Hamilton, including her claims relating to the evidence, witnesses, jury instructions, and lack of an impartial jury at her trial (points of error 1, 2, 3, 4, and 7) and her claim of unfair treatment by law enforcement (point of error 8). Because we cannot verify these claims of error by Hamilton without the relevant transcripts, and because "we will not presume error based on a silent record, the presumption that the trial court acted without error must prevail." Id. Accordingly, we conclude that Hamilton did not satisfy her burden of establishing that the Circuit Court erred with respect to her points of error 1, 2, 3, 4, 7, and 8.

II.

We will proceed to address Hamilton's remaining points of error, to the extent we can, given the record provided.

A.

Hamilton contends that her appointed counsel, Dean Kauka (Kauka), provided ineffective assistance on a number of grounds, including that he failed to request a change of venue,

---

[5] The Hawai'i Rules of Appellate Procedure (HRAP) clearly place the obligation on the appellant to request transcripts and provide a record that is sufficient to enable the appellate court to review the appellant's points of error. See HRAP Rule 10(b)(1)(A) (2012) ("When an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from, the appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal."); HRAP Rule 11(a) (2010) ("It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency from which the appeal is taken to correct any omission.").

[6] The only transcript of proceedings in the record is an excerpt of Hamilton's preliminary hearing testimony, which the State attached as an exhibit to a motion in limine.

to adequately consult with her, to adequately investigate and prepare for trial, to obtain and call witnesses she requested, and to competently represent her at trial. Hamilton bears the burden of establishing that Kauka provided ineffective assistance. State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980). To meet this burden, Hamilton must satisfy the following two-part test: (1) she "must establish specific errors or omissions of [her] counsel reflecting counsel's lack of skill, judgment or diligence"; and (2) she "must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Id. at 348-49, 615 P.2d at 104.

Hamilton's claim that Kauka provided ineffective assistance for failing to request a change of venue is without merit. Hamilton argues that she sought a change of venue because she knew many members of the Kona and Waimea legal community as the result of her use of self-help centers and her divorce proceedings, and therefore, another venue, such as Hilo, would have been a fair setting for the trial. Hamilton was not entitled to a mandatory change of venue because there is no indication that there was "so great a prejudice" against her that she could not "obtain a fair and impartial trial" where the prosecution was pending. Hawai'i Rules of Penal Procedure (HRPP) Rule 21(a) (2012); see State v. Pauline, 100 Hawai'i 356, 365-67, 60 P.3d 306, 315-17 (2002). In addition, there is no indication that Hamilton was entitled to a discretionary change of venue because the circumstances she describes did not compel the need for a change of venue. See United States v. Hunter, 672 F.2d 815, 816 (10th Cir. 1982) (construing federal rule analogous to HRPP Rule 21 and stating that "[c]hange of venue in a criminal case is discretionary, and a trial judge's decision on the matter is entitled to deference. The facts must compel and not merely support venue transfer before an abuse of discretion will be found by an appellate court." (citation omitted)). Hamilton has not met her burden of showing that Kauka's failure to request a

5

change of venue constituted deficient performance or resulted in the withdrawal or substantial impairment of a potentially meritorious defense.

We further conclude that based on the current record, Hamilton has failed to meet her burden of showing that her remaining challenges to Kauka's representation constitute ineffective assistance of counsel. We note, however, that Hamilton has alleged facts that, if proven, may support a claim of ineffective assistance of counsel. We therefore deny these remaining claims of ineffective assistance without prejudice to Hamilton raising them in an HRPP Rule 40 proceeding and under a more developed record. See State v. Silva, 75 Haw. 419, 439, 864 P.2d 583, 592-93 (1993).

B.

Hamilton argues that Judge Melvin H. Fujino (Judge Fujino) erred in denying her motions seeking his recusal. We review a trial judge's denial of a motion for recusal under the abuse of discretion standard. State v. Ross, 89 Hawai'i 371, 375-76, 974 P.2d 11, 15-16 (1998). In Ross, the Hawai'i Supreme Court noted:

> Decisions on recusal or disqualification present perhaps the ultimate test of judicial discretion and should thus lie undisturbed absent a showing of abuse of that discretion. As one court stated:
>
> > The jurist requested to recuse himself [or herself] is the most capable to determine those factors hidden in the recesses of the mind and soul which would bear upon his or her capability to maintain the impartiality that each matter must receive. The decision of that judge is final, subject to review only for an abuse of that discretion.

Id. (brackets, ellipsis points, and citation omitted).

The record indicates that prior to this case, Judge Fujino presided over Hamilton's divorce case against her husband; that after she disregarded repeated warnings, Judge Fujino found Hamilton in criminal contempt of court for her disorderly or contemptuous behavior and her breach of peace or disturbance with intent to disrupt the court's proceedings during a hearing in the divorce case; that Judge Fujino sentenced Hamilton to thirty days

of incarceration for her criminal contempt, but later amended the sentence to twenty-two days; and that Judge Fujino signed the TRO issued in favor of M.R. and against Hamilton that M.R. was trying to serve when the collision between Hamilton's vehicle and M.R.'s vehicle occurred. Judge Fujino also increased Hamilton's bail from $2,750 to $70,000 after the complaint against Hamilton was amended to charge first-degree criminal property damage, a class B felony, in Count 2, instead of second-degree criminal property damage, a class C felony.

Hamilton moved in this case to recuse Judge Fujino and also moved for reconsideration of his denial of her recusal motion, alleging that Judge Fujino was biased because he had heard evidence in the divorce case and ruled in favor of her husband in that case; that Judge Fujino had warned her and then found her in contempt in the divorce case; that M.R., a complaining witness in this case, was the lawyer for Hamilton's husband in the divorce case; and that Judge Fujino had raised Hamilton's bail after the amended complaint was filed. Hamilton also claimed that she wanted to call Judge Fujino as a witness at trial because he had signed the TRO that M.R. was trying to serve when the collision occurred and because "she is 'emotionally challenged in her reactions whenever Judge Fujino is in the same courtroom.'"

Judge Fujino denied Hamilton's motion for recusal and for reconsideration. Among other things, Judge Fujino found that Hamilton failed to make a showing that he was biased or prejudiced against her; that his sitting in prior proceedings involving Hamilton was insufficient grounds for him to recuse or be disqualified; that there were no contested matters regarding the TRO before the court and his role as the judge who signed the TRO did not make him a relevant witness in this case; and that he would not be sitting as a fact-finder in the case because Hamilton's case was set for a jury trial.

We conclude that Hamilton has not demonstrated that Judge Fujino abused his discretion in denying Hamilton's requests

that he recuse himself. In Ross, the supreme court concluded that parties "may not predicate their claims of disqualifying bias on adverse rulings, even if the ruling are erroneous." Ross, 89 Hawai'i at 378, 974 P.2d at 18. In holding that the trial judge did not abuse his discretion in denying Ross's motion for disqualification, the supreme court reasoned that the "'evidence' offered by Ross 'does not even involve matters of any personal interest to the judge. They concern primarily matters affecting his exercise of judicial discretion.'" Id. (citation and brackets omitted). The supreme court in Ross also addressed whether the circumstances created an appearance of impropriety requiring the trial judge's recusal. The supreme court held that "the test for disqualification due to the 'appearance of impropriety' is an objective one, based not on the beliefs of the petitioner or the judge, but on the assessment of a reasonable impartial onlooker apprised of all the facts." Id. at 380, 974 P.2d at 20.

Here, Hamilton's claims of bias are predicated on adverse rulings made by Judge Fujino during judicial proceedings and do not involve any extrajudicial actions or "matters of any personal interest" to Judge Fujino. See id. at 378, 974 P.2d at 18. In addition, we conclude that viewed objectively, a reasonable impartial onlooker apprised of all the facts would not find that Judge Fujino's presiding over this case created an appearance of impropriety. See id. at 379-81, 974 P.2d at 19-21; United States v. Vasquez, 638 F.2d 507, 523 n.8 (2d Cir. 1980) (describing as "meritless" the defendant's contention that the judge should have recused himself because the defendant had previously been convicted before the same judge); United States v. Scaccia, 514 F.Supp. 1353 (N.D. N.Y. 1981) (concluding that the court's presiding over the defendant's sentencing and probation revocation in a prior case did not require recusal in a subsequent criminal prosecution where the court's alleged bias stemmed from information learned and actions taken during judicial proceedings and a jury would be the fact-finder in the

subsequent prosecution); State v. Boffa, 513 F.Supp. 505, 511 (D. Del. 1981) (concluding that the judge's finding that the defendant's testimony was not credible in a prior case did not require the judge's recusal in the instant prosecution). We affirm Judge Fujino's denial of Hamilton's recusal requests.[1]

III.

Based on the foregoing, we affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawaiʻi, March 31, 2017.

On the briefs:

Colleen Michele Hamilton
Defendant-Appellant pro se.

David Blancett-Maddock
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee.

_Craig H. Nakamura_
Chief Judge

Associate Judge

Associate Judge

---

[1] To the extent that Hamilton contends that the Circuit Court erred in ruling on Kauka's motion to withdraw or her motion for withdrawal and substitution of counsel, we note that Hamilton did not make the transcripts relevant to these rulings part of the record on appeal. We therefore are unable to review these claims, and Hamilton has failed to overcome the presumption that the Circuit Court acted without error. See Hoang, 93 Hawaiʻi at 336, 3 P.3d at 502.